# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

IN RE JANEL BURNS,

    Debtor,

JANEL BURNS,

    Plaintiff,

v.

HORIZONS MEDICAL CARE, P.C.,

    Defendant.

Bankruptcy Case Number
25-80197-CRJ-13

Adversary Proceeding No.

## COMPLAINT

The debtor in this bankruptcy case and plaintiff in this adversary proceeding, Janel Burns ("Burns"), makes the following allegations in her complaint against the Defendant, Horizons Medical Care, P.C. ("Horizons").

## PARTIES

1. Burns is the debtor in the above-referenced Chapter 13 bankruptcy case commenced on January 30, 2025.

2. Horizons is a professional corporation organized and existing under the laws of the state of Alabama. At all times material to this complaint, Horizons regularly and systematically conducted business in the State of Alabama, and, in particular, within that portion of the state of Alabama lying within this court's district and division. Burns did business with Horizons within this district and division, and it is these business transactions that give rise to this litigation.

## JURISDICTION

3. This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of Burns's estate, requests the return of property of the estate, and affects the adjustment of the debtor-creditor relationship between Burns and the Defendant. Consequently, this is a core proceeding, and this court has

jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O), and 28 U.S.C. §1334(b). Courts in the Eleventh Circuit have explained that "any rights arising from a violation of the automatic stay are substantive rights created by the Bankruptcy Code and are thus quintessentially core matters."[1]

## BACKGROUND FACTS AND NATURE OF ACTION

4. In accordance with the Federal Rules of Bankruptcy Procedure - Rule 1007(a) and 11 U.S.C. §521(a), the debtor filed with her petition a list of creditors with their names and addresses. Contained in that list was Horizons.

5. In accordance with the Federal Rules of Bankruptcy Procedure - Rule 2002 and 11 U.S.C §342, the Clerk sent notice of the debtor's Chapter 13 bankruptcy filing and §341 meeting of creditors to Horizons via first class mail through the Bankruptcy Noticing Center on February 2, 2025. (See Exhibit 1 – BNC Certificate of Notice).

6. As a result of Horizons being included in the list of creditors filed by the debtor with her petition and the Clerk's sending of notice of her bankruptcy filing to Horizons, the Defendant had both notice and actual knowledge of both the commencement of and all the proceedings in Burns's bankruptcy case.

7. Pursuant to 11 U.S.C. §362(a), the commencement of Burns's bankruptcy case gave rise to the automatic stay which, among other things, prohibits Horizons from attempting to collect from Burns any pre-petition obligation owed by Burns to Horizons.

8. The Plaintiff asserts that despite having both notice and actual knowledge of the commencement of Burns's bankruptcy case, Horizons sent an email and multiple statements to Burns in an attempt to collect a prepetition debt owed by Burns to Horizons in violation of 11 U.S.C. §362(a)(6).

9. Burns brings this action to recover the actual damages she has sustained as a result of the defendant's willful violations of the automatic stay in this case and to recover compensatory and punitive damages from the defendant for those violations under 11 U.S.C. § 362(k) of the Bankruptcy Code, which provides that "an individual injured by any willful violation of the stay provided by this section shall recover actual damages, including costs and attorney's fees, and in

---

[1] *See Walker v. Got'cha Towing & Recovery, LLC* (*In re Walker*), 551 B.R. 679, 686 (Bankr. M.D. Ga. 2016)(citing *Banks v. Kam's Auto Sales* (*In re Banks*), 521 B.R. 417, 420 (Bankr. M.D. Ga. 2014)).

appropriate circumstances, may recover punitive damages."[2] In the case of *Parker v. Credit Central South, Inc.* (*In re Parker*), 634 Fed. Appx. 770 (11th Circuit 2015), the Eleventh Circuit held that the costs and attorney's fees incurred by a debtor "to halt the violation of the automatic stay and to prosecute his action for damages constitutes an injury."[3]

## CLAIM – VIOLATION(S) OF THE AUTOMATIC STAY

10. Despite the imposition of the automatic stay by the commencement of the Debtor's bankruptcy case and having both notice and actual knowledge of the commencement of the Debtor's bankruptcy case, Horizons sent a post-petition email and multiple post-petition statements to the debtor. The Plaintiff asserts that the Defendant's actions constituted an act to collect a pre-petition obligation owed by Burns to Horizons in violation of 11 U.S.C. §362(a)(6).

11. Horizons sent an email to Burns on February 26, 2025 titled "Statement Notification!" The email stated: "Hope you and your family are doing well! A statement for the services availed by you has been published. Please click on the link below to pay statement balance. If you are unable to pay full balance and are able to pay partially, please give us a call at 256-837-2271." The email listed an amount of $347.39 followed by a link to pay online. (See Exhibit 2 – Horizons Email 2-26-25). The Plaintiff asserts that the email from Horizons constituted an act to collect a prepetition debt owed by the Burns to Horizons in violation of 11 U.S.C. §362(a)(6).

12. Horizons sent a statement to Burns on February 25, 2025. The statement listed a "Total Amount Due" of $347.39 for prepetition services. (See Exhibit 3 – Horizons Statement 2-25-25). The Plaintiff asserts that the statement from Horizons constituted an act to collect a prepetition debt owed by the Burns to Horizons in violation of 11 U.S.C. §362(a)(6).

13. Horizons sent a statement to Burns on March 28, 2025. The statement listed a "Total Amount Due" of $347.39 for prepetition services. (See Exhibit 4 – Horizons Statement 3-28-25). The Plaintiff asserts that the statement from Horizons constituted an act to collect a prepetition debt owed by the Burns to Horizons in violation of 11 U.S.C. §362(a)(6).

14. The Plaintiff asserts that the Defendant's actions evince contempt and distain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

---

[2] 11 U.S.C. § 362(k)(1) [emphasis added].
[3] *Id.* at 773

15. Burns has sustained injury and damage as a result of the defendant's willful violations of the automatic stay, including emotional distress. Under 11 U.S.C. §362(k)(1), Burns is entitled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against Horizons for its willful and intentional violations of the automatic stay. The post-petition collection activity, after receiving notice of the Burns's bankruptcy, indicates that Horizons does not have proper policies and procedures to avoid violating the automatic stay.

**WHEREFORE**, Burns asks this Court to enter an order:

(A) Awarding Burns compensatory damages against Horizons including the reasonable attorney's fees and costs incurred by the Burns in the preparation and prosecution of this adversary proceeding;

(B) Awarding Burns punitive damages against Horizons for its willful and intentional violations of the automatic stay, such damages being intended to instill in Horizons and other creditors due respect for this Court and its orders and to deter them from taking similar action against the Burns and similarly situated debtors in the future;

(C) Voiding the debt owed to Horizons by the Burns; and

(D) Granting the Burns any additional or different relief this court deems appropriate.

Dated: 4/24/2025

Respectfully submitted,

/s/ *John C. Larsen*
John C. Larsen
Michael A. Wilkins
Counsel for Debtor/Plaintiff,
Janel Burns

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com
michael@jlarsenlaw.com